# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel.<br>SCOTT BRATHWAITE,<br><br>       Plaintiff,<br><br>v.<br><br>STATE OF KANSAS, et al.,<br><br>       Defendants. | CIVIL ACTION<br><br>No. 19-2265-KHV |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's sealed False Claim[s] Act Complaint (Doc. #1) filed May 29, 2019. For reasons stated below, the Court unseals the complaint and dismisses it without prejudice under Rule 41(b) of the Federal Rules of Civil Procedure.

## Legal Standards

A complaint must contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief; (2) a short and plain statement of the grounds upon which the district court's jurisdiction depends; and (3) the relief requested. Fed. R. Civ. P. 8(a)(2). In addition, each allegation must be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Rule 8 establishes a floor and a ceiling: "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." New Home Appliance Ctr., Inc. v. Thompson, 250 F.2d 881, 883 (10th Cir. 1957). Rule 8 "serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted." Mann v. Boatright, 477 F.3d 1140, 1148 (10th Cir. 2007); see Conley v. Gibson, 355 U.S. 41, 47 (1957) (purpose of Rule 8 to give defendants fair notice of claim and grounds upon which it rests). If a plaintiff does not satisfy the pleading requirements of Rule 8,

the Court may *sua sponte* dismiss the complaint without prejudice under Rule 41(b). See Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1161 (10th Cir. 2007) (dismissal under Rule 41(b) for failure to satisfy Rule 8); Olsen v. Mapes, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (although Rule 41(b) language requires motion, courts permitted to dismiss actions *sua sponte* for plaintiff's failure to prosecute, to comply with rules of civil procedure or court orders).

The Court liberally construes the pleadings of a pro se plaintiff. See Jackson v. Integral Inc., 952 F.2d 1260, 1261 (10th Cir. 1991). Even so, the Court is not an advocate for the pro se plaintiff. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

## **Analysis**

Plaintiff's 2,001-page, single-spaced complaint does not satisfy the requirements of Rule 8 because it does not include "a short and plain statement" of his claims or factual allegations that are "simple, concise and direct." See Frazier v. Ortiz, No. 06-1286, 2007 WL 10765, at *2 (10th Cir. Jan. 3, 2007) (136-page amended complaint insufficient under Rule 8 in part because it included unnecessary detail and wasted dozens of pages on repetitive information). Among the morass of allegations, plaintiff apparently asserts against 28 defendants, including several governmental entities, claims of fraud involving Medicaid, the U.S. Crime Victims Fund, the FBI Federal Fund and the FBI Terrorism Fund. He also alleges that defendants retaliated against him because he reported the various instances of fraud. His allegations of retaliation apparently include attempted murder and the FBI's failure to hire him. Based on the sheer volume of material and duplicative allegations throughout the complaint, defendants cannot readily ascertain the factual allegations and legal theories against them.[1] Accordingly, under Rule 41(b) of the Federal Rules

---

[1] In addition, plaintiff's Medicaid fraud claims, which largely center around his confinement in March and April of 2011, appear to be barred under the statute of limitations. If
(continued. . .)

of Civil Procedure, the Court dismisses plaintiff's complaint without prejudice.  See Chavez v. Huerfano Cty., 195 F. App'x 728, 730 (10th Cir. 2006) (pro se 26 page, single-spaced complaint failed to meet "short and plain" requirements of Rule 8(a), even with liberal construction).

Under the False Claims Act, a relator must (1) provide the government with a copy of the complaint and (2) file it under seal.  31 U.S.C. § 3730(b)(2); State Farm Fire & Cas. Co. v. United States ex rel. Rigsby, ––– U.S. ––––, 137 S. Ct. 436, 442 (2016).  These requirements are designed "(1) to permit the United States to determine whether it already was investigating the fraud allegations (either criminally or civilly); (2) to permit the United States to investigate the allegations to decide whether to intervene; (3) to prevent an alleged fraudster from being tipped off about an investigation; and, (4) to protect the reputation of a defendant in that the defendant is named in a fraud action brought in the name of the United States, but the United States has not yet decided whether to intervene."  Am. Civil Liberties Union v. Holder, 673 F.3d 245, 250 (4th Cir. 2011) (citing S. Rep. No. 99–345, p. 24–25 (1986), reprinted in 1986 U.S.C.C.A.N. 5266, 5289–90).  Here, the relator has filed four related, unsealed civil lawsuits that involve similar allegations so the governmental entities and individual defendants already are on notice of many of the allegations.  See Braithwaite v. U.S. Dep't of Justice, D. Kan. No. 19-2689-CM, Compl. For Employment Discrimination (Doc. #1) (claims related to FBI's failure to hire and harassment); Braithwaite v. Fed. Bureau of Investigation, D. Kan. No. 19-2363-CM, Compl. For Disability Discrimination In Employment And Public Accommodation (Doc. #1) (401-page complaint asserting claims related to FBI's failure to hire and harassment); Braithwaite v. City of Lenexa, D.

---

¹(. . . continued)
plaintiff files another complaint, he should note that the statute of limitations under the False Claims Act is (1) six years after a violation is committed or (2) three years after the date when facts material to the right of action are known or reasonably should have been known, with an outside limit of ten years.  31 U.S.C. § 3731(b).

Kan. No. 12-2288-JTM, <u>Compl.</u> (Doc. #1) (65-page complaint asserting civil rights claims related to his confinement in hospital in March and April of 2011); <u>Braithwaite v. Rainbow Mental Health Fac.</u>, D. Kan. No. 12-2405-JAR, <u>Compl.</u> (Doc. #1) (108-page complaint asserting civil rights claims related to his confinement in hospital in March and April of 2011). Moreover, the relator alleges that he has provided a copy of the complaint to the Assistant Attorney General of the Fraud Division at the Office of the Attorney General in Washington, D.C. and the government has not requested to intervene.[2] As best the Court can ascertain, plaintiff's allegations of fraud relate largely to how law enforcement and other officials treated him during his hospital confinement in 2011 and his allegations of retaliation relate to his subsequent complaints about his treatment including two civil lawsuits in 2012 against Rainbow Mental Health Facility and the City of Lenexa, Kansas. Plaintiff has not asserted any ongoing fraud or retaliation related to a broad class of individuals and it does not appear that any governmental interest is protected by sealing the

---

[2]   Under the False Claims Act, plaintiff was required to serve the government under Rule 4(i) of the Federal Rules of Civil Procedure, which requires that plaintiff:

(A)   (i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk--or
       (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;

(B)   send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and

(C)   if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i). While the record does not reflect that plaintiff fully complied with Rule 4(i), the government appears to be on notice of his claims through the delivery of the complaint to an Assistant Attorney General in Washington, D.C. and through plaintiff's prior lawsuits against the FBI.

complaint.  Accordingly, the Court directs the Clerk to unseal the complaint.

**IT IS THEREFORE ORDERED** that under Rule 41(b) of the Federal Rules of Civil Procedure, the False Claim[s] Act Complaint (Doc. #1) filed May 29, 2019 is **DISMISSED without prejudice**.  The Clerk is directed to unseal the False Claim[s] Act Complaint (Doc. #1).

Dated this 20th day of February, 2020 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
